J-A27028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
          v.                  :
                                   :
                                   :
PAUL OSCAR ALTMANN          :
                                   :
           Appellant        :    No. 552 EDA 2019

Appeal from the PCRA Order Entered February 6, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000419-2011

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:         **FILED JANUARY 14, 2020**

Appellant, Paul Oscar Altmann, appeals *pro se* from the February 6, 2019 order that denied his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case were set forth by the PCRA court as follows:

> On January 19, 2012, [Appellant] was found guilty of: Count I- Aggravated Assault, Serious Bodily Injury; Count III- Aggravated Assault, Deadly Weapon, and Count V- Simple Assault, Bodily Injury with Deadly Weapon.[1] On April 12, 2012, [Appellant] was sentenced. Under Count I, [Appellant] was sentenced to pay the costs of prosecution; pay restitution in the amount of $3,624.70 at a minimum monthly rate of $50.00; undergo incarceration in a State Correctional Facility for a period of not less than sixty (60) months, nor more than one hundred

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), and 2701(a)(2), respectively.

and twenty (120) months; and have no contact with the victim. Under Count[s] III and V, [Appellant] was sentenced to undergo incarceration in a State Correctional Facility for a period of not less than twelve (12) months, nor more than sixty (60) months, concurrent to Count I; and submit to the drawing of a DNA sample.

On April 23, 2012, [Appellant] filed a post-sentence motion. On December 4, 2012, the Clerk of Courts denied the [Appellant's] post-sentence motion by operation of law. On December 4, 2012, [Appellant] filed a direct appeal to the Superior Court of Pennsylvania challenging this denial. The Superior Court affirmed the judgment on November 6, 2013.[2] On December 6, 2013, [Appellant] filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. The Supreme Court denied the petition on April 16, 2014.[3]

On May, 16, 2014, [Appellant] filed a PCRA [petition]. This [c]ourt appointed PCRA Counsel to represent [Appellant] on his PCRA. On March 16, 2015, PCRA Counsel filed a Motion to Withdraw as Counsel and submitted a no-merit letter. On March 25, 2015, after an independent review of the record by this [c]ourt, it was ordered that PCRA Counsel's Motion to Withdraw as Counsel was granted. On May 8, 2015, a Final Order by this [c]ourt dismissed [Appellant's] Motion for Post-Conviction Collateral Relief. On May 27, 2015, [Appellant filed an appeal.] On February 1, 2016, the Superior Court … affirmed this [c]ourt's Final Order.[4]

PCRA Court Opinion, 1/11/19, at 1-2.

---

[2]  ***Commonwealth v. Altmann***, 91 A.3d 1274, 3347 EDA 2012 (Pa. Super. filed November 6, 2013) (unpublished memorandum).

[3]  ***Commonwealth v. Altmann***, 89 A.3d 1282, 944 MAL 2013 (Pa. 2014).

[4]  ***Commonwealth v. Altmann***, 141 A.3d 581, 1613 EDA 2015 (Pa. Super. filed February 01, 2016) (unpublished memorandum).

On September 24, 2018, Appellant filed his second PCRA petition *pro se*. On January 11, 2019, the PCRA court notified Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and in an order filed on February 6, 2019, the PCRA court denied Appellant's PCRA petition. This timely *pro se* appeal followed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.[5]

On appeal, Appellant presents the following issues for this Court's consideration:

> 1. The question involved here is did the jury Commissioners or whoever is responsible for checking to see if prospective jurors are qualified or disqualified, do the[ir] job, because Appellant … had to use a peremptory challenge on a juror who Appellant found out had a criminal record, and should not have been a prospective juror in the first place.
>
> 2. Appellant Paul Altmann also asks the question of why prospective juror [B.K.[6]] was not challenged for cause by the court, when she admitted to being an acquaintance of the State Police officer who was a witness in the case against [Appellant]. JURY SELECTION/VOIR DIRE Testimony notes PP.7, L. 3 to 14.

---

[5] On February 21, 2019, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on March 14, 2019. In response, on April 3, 2019, the PCRA court complied with Pa.R.A.P. 1925(a) by filing a statement that referred to and incorporated by reference its earlier Opinion filed on January 11, 2019.

[6] We have changed the prospective juror's name to initials because Appellant's claim that B.K. had a criminal record is nothing more than an allegation. Appellant has not provided or directed this Court's attention to any information that substantiates this claim. Moreover, the term "prospective juror" is apt as B.K. was not selected and did not serve on the jury at Appellant's trial. Jury Sheet, 1/17/12.

Appellant's Brief at unnumbered vi.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Staton**, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). This Court grants deference to the PCRA court's findings that are supported in the record, and we will not disturb those findings unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

It is well settled that a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013); **see also Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) ("[T]he PCRA time-bar is jurisdictional in nature."). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[7]  A petition invoking one of these exceptions must have been filed within one year from the date the claim could have been presented.  42 Pa.C.S. § 9545(b)(2).[8]

As discussed above, Appellant filed a direct appeal to this Court, and the Supreme Court of Pennsylvania denied allowance of appeal on April 16, 2014. ***Commonwealth v. Altmann***, 91 A.3d 1274, 3347 EDA 2012 (Pa. Super. filed

_____

[7]  The exceptions to the timeliness requirement are:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[8]  Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2) and provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment … shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Because Appellant's claim arose on July 25, 2018, the extended deadline applies to his petition.  Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

November 6, 2013) (unpublished memorandum); **Commonwealth v. Altmann**, 89 A.3d 1282, 944 MAL 2013 (Pa. 2014). Therefore, Appellant's judgment of sentence became final ninety days later on Tuesday, July 15, 2014, when the time to file a petition for a writ of *certiorari* in the Supreme Court of the United States expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thereafter, Appellant had one year, or until July 15, 2015, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant filed his second PCRA petition on September 24, 2018, and it is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). In order for Appellant to assert one of these exceptions, he was required to file his petition within one year from the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to plead and prove that one of the exceptions applies. **Commonwealth v. Whitehawk**, 146 A.3d 266, 269-270 (Pa. Super. 2016).

Appellant avers that the facts upon which this claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. Appellant's Brief at 6. Specifically, he states that on July 25, 2018, he learned that a prospective juror at his trial may have had a criminal record, and he asserts that this alleged criminal history should have disqualified that

person from jury service.  PCRA Petition, 9/24/18, at 8; Appellant's Brief at 4-6.

The record reveals that Appellant filed his PCRA petition on September 24, 2018, sixty-one days after allegedly learning these new facts on July 25, 2018.  Appellant filed his second PCRA petition within one year of discovering this information and asserted an exception under 42 Pa.C.S. § 9545(b)(2) to the jurisdictional time bar set forth in 42 Pa.C.S. § 9545(b)(1).[9]  However, although Appellant raised his claim of newly discovered facts within one year, he failed to establish that he could not have learned of this evidence through the exercise of due diligence prior to July 15, 2015, when the time in which to file a first or subsequent PCRA petition expired.

The PCRA court disposed of this issue as follows: "[Appellant] was aware of juror questionnaires during voir dire because they were specifically referenced by the Commonwealth[,] but [Appellant] neglected to view them. Additionally, [Appellant] was given an opportunity to question every juror

_____

[9] Even if we applied the prior version of Section 9545(b)(2) and utilized the sixty-day period in which to allege an exception to the PCRA's time-bar, Appellant's claimed exception was filed on September 24, 2018, and would be timely.  Appellant averred that he learned the new information on July 25, 2018, and the sixtieth day following that date was Sunday, September 23, 2018.  **See** 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases...shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

during voir dire, the trial, or sentencing, but declined to do so." PCRA Court Opinion, 1/11/19, at 7. After review, we agree with the PCRA court and conclude that Appellant had ample opportunity, through the exercise of due diligence, to discover relevant information regarding the prospective juror prior to July 15, 2015.

Accordingly, although Appellant **claimed an exception** under 42 Pa.C.S. § 9545(b)(2) in a timely manner, he failed to satisfy the criteria for the **application of the exception**, and thus, he failed to meet the timing requirements of 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant's September 24, 2018 PCRA petition was untimely, and no exceptions apply. Because the PCRA's time-bar is jurisdictional, the PCRA court lacked jurisdiction to consider the merits of any issues raised in the petition. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/20